IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIN JORDAN et al., | ) |
| Plaintiffs, | ) |
| v. | ) NO. 3:18-cv-01233 |
| | ) JUDGE RICHARDSON |
| MATHEWS NISSAN, INC., | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Emergency Motion for Leave to Take Trial Proof Deposition of Devan Floyd. (Doc. No. 54, "Motion"). Plaintiff has responded. (Doc. No. 55). Defendant has replied. (Doc. No. 56). The Motion is ripe for review.

For the reasons discussed herein, the Court **GRANTS** the Motion.

## **BACKGROUND**

On February 20, 2019, Defendant took Floyd's sworn statement.[1] (Doc. No. 54 at 2). Plaintiffs contested the sworn statement of Floyd since it was taken without notice to Plaintiffs. (Doc. No. 30 at 2). Defendant's Motion for a Protective Order regarding Floyd's statement was denied by the Magistrate Judge, and subsequently a copy of the statement was provided to Plaintiffs. (Doc. No. 35). Defendant provided the Court with a copy of Mr. Floyd's statement attached to its reply regarding summary judgment. (Doc. No. 44-1). The Court considered the document, to the extent relevant, when ruling on the motion for summary judgment. (Doc. No. 50

---

[1] The Court gathers that Defendant, having been able to speak with Floyd and obtain statement, did not perceive any need to take Defendant's deposition for purposes discovery, *i.e.*, to determine what information Defendant had and what facts he would aver under oath.

1

1-2 at n.1). After ruling on the summary judgment motion, the Court reset this matter for trial on August 31, 2021. (Doc. No. 52).

## DISCUSSION

In the Motion, Defendant asks for leave to take deposition of Devan Floyd for purposes of trial proof. (Doc. No. 54). Defendant explains that it opted not to take Floyd's deposition during discovery because it believed Floyd would be local and available at the time that this matter was previously scheduled for trial (March 2020). (Doc. No. 54 at 2-3). After the Court's summary judgment ruling, Defendant discovered that Floyd relocated to Detroit, Michigan. (Doc. No. 54 at 3). Defendant asserts that it "had no knowledge of, nor played any role in, Floyd's relocation, and the interests of justice favor the Court granting this motion to permit Defendant to take his proof deposition." (*Id.* at 4). Defendant has also asserted that it will make arrangements with a court reporter and videographer for purposes of taking Floyd's deposition. (*Id.*).

Plaintiffs responded in opposition to the Motion, indicating that Defendant has unduly delayed in not taking Floyd's deposition and that Plaintiffs will be prejudiced if Floyd's testimony is taken by deposition instead of live at trial. (Doc. No. 55). Regarding the first argument, the Court does not find that Defendant has acted so unreasonably as to require denial of this Motion. Defendant has credibly asserted, as discussed above, that it was not aware until recently of the new (and substantially delayed, through no fault of the parties) trial date and Floyd's relocation. It is true that a witness's future relocation is always possible, and arguably a party should always account for that possibility by erring on the side of taking a witness's deposition for purpose of *trial* even when, as here, the party does not need to take the witness's deposition for purposes of *discovery.* The Court is loathe, however, to embrace that principle, which carries with it a great risk of substantial discovery expenditures that prove unnecessary when the witness ultimately stays

local; where (as here) a party demonstrably does not need to take a deposition for discovery purposes, the Court believes that it should not be blamed for not automatically forcing time and money expenditures upon all parties by reflexively taking the deposition for the purpose of preserving the testimony for trial merely because that conceivably could prove necessary.

Regarding the second argument, Plaintiffs emphasize the importance of Floyd's testimony and the jury's ability to evaluate his credibility or lack thereof. (*Id.* at 2). However, in making this argument, Plaintiffs focus on the unfairness of having an individual read Floyd's testimony from a written transcript, seemingly ignoring Defendant's assertion that it will make plans to have a videographer conduct a video deposition. (*Id.*). Plaintiffs have indicated no reason that they will be prejudiced by a video deposition, or why the jury would be unable to make a credibility determination by viewing a video deposition.

Therefore, the Court finds that Defendant has not unreasonably delayed and that Plaintiffs will not be prejudiced by Floyd testifying via video deposition. The Court therefore finds it appropriate to allow Defendant to take Floyd's deposition testimony for trial proof via video.

## CONCLUSION

Therefore, the Court **GRANTS** the Motion. Defendant has not indicated a timeframe within which it proposes to take the deposition of Floyd. The Court will not wade into the logistics of planning the deposition, and it will trust that the parties are able to make appropriate and timely arrangements.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE